IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'23 FEB 1 AM 9:30

|  |  |
|---|---|
| RALPH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 22-cv-439-LKG |
| v. ) | |
| ) | Dated: February 1, 2023 |
| GAIL WATTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Self-represented Plaintiff Ralph Jackson filed the above-captioned 42 U.S.C. § 1983 civil rights action against Baltimore County Detention Center ("BCDC") Director Gail Watts and Dr. Zowie Barnes, a medical provider at BCDC. ECF No. 1. Jackson alleges that Defendants were deliberately indifferent to his medical needs in failing to refer him to another doctor outside of BCDC. *Id.* at 3-4. He seeks monetary damages. *Id.* at 5.

Initially, Defendant Barnes filed a Motion to Consolidate this matter with Jackson's other case at *Jackson v. Watts, et al.*, Civil Action No. ELH-22-440. ECF No. 9. Subsequently, Barnes filed a Motion to Strike Plaintiff's Complaint or, in the Alternative, Motion to Dismiss. ECF No. 11. On July 19, 2022, Defendant Watts filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 15. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Jackson that the failure to file a memorandum in opposition to Defendants' motions could result in dismissal of the Complaint. ECF Nos. 12, 16. Jackson filed nothing further.

This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, Barnes's Motion to Consolidate shall be denied and Barnes's other motion, construed as a Motion to Dismiss, shall be granted. Watts's dispositive motion shall also be granted, and the Complaint shall be dismissed.

I.  **BACKGROUND**

Jackson alleges that prior to his detention at BCDC, he experienced rectal bleeding every time he defecated, and he was told by medical providers that it "wasn't normal and . . . may be cancer." Complaint, ECF No. 1 at 2. After being arrested, he was housed in BCDC, where he promptly informed Defendants about his medical issue. *Id.* at 3. According to Jackson, Barnes informed him that what he was experiencing was normal and refused to send him to an outside hospital. *Id.* Jackson notified Watts about the situation but did not receive any response. *Id.* Jackson claims that both Defendants deliberately deprived him of medical care. *Id.*

II.  **STANDARD OF REVIEW**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

III.  **DISCUSSION**

A.  **Barnes's Motion to Consolidate**

Barnes seeks to consolidate the instant matter ("*Jackson I*") with Jackson's other case at Civil Action No. ELH-22-440 ("*Jackson II*"). In *Jackson II*, Judge Hollander denied a similar motion to consolidate and dismissed any claims against Barnes in that case, directing that they proceed only here, in *Jackson I*. Civil Action No. ELH-22-440 at ECF 24. Accordingly, Barnes's Motion to Consolidate, filed in the instant case, shall be denied.

B.  **Deliberate Indifference**

At all times relevant to the claims raised in this case, Jackson was a pretrial detainee in BCDC. Accordingly, his claims are analyzed under the Fourteenth Amendment. *See Young v.*

2

*City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In turn, the Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97. Jackson's allegation that Defendants failed to refer him to an outside physician amounts to a claim for denial of adequate medical care. To establish this claim, a plaintiff must demonstrate that a defendant's acts or omissions amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Fourth Circuit has characterized the applicable standard as an "exacting" one. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997); *see Young*, 238 F.3d at 575-76 ("Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v.*

3

*Va. Beach Corr. Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

Deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.*; *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences . . . To lower this threshold would thrust federal courts into the daily practices of local police departments."). Moreover, mere negligence or malpractice does not rise to the level of a constitutional violation. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986) (citing *Estelle*, *supra*, 429 U.S. at 106).

An inmate's mere disagreement with medical providers as to the proper course of treatment also does not support a claim under the deliberate indifference standard. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977). Rather, a prisoner-plaintiff must show that the medical provider failed to make a sincere and reasonable effort to care for the inmate's medical problems. *See Startz v. Cullen*, 468 F.2d 560, 561 (2d Cir. 1972); *Smith v. Mathis*, PJM-08-3302, 2012 WL 253438, at * 4 (D. Md. Jan. 26, 2012), *aff'd*, 475 F. App'x 860 (4th Cir. 2012).

Generally, "[a]n actionable deliberate-indifference claim does not require proof that the plaintiff suffered an actual injury. Instead, it is enough that the defendant's actions exposed the plaintiff to a 'substantial risk of serious harm.'" *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (quoting *Farmer*, 511 U.S. at 837); *see Thompson*, 878 F.3d at 97-98. But, in a case involving a claim of deliberate indifference to a serious medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n.8 (4th Cir. 2014).

### 1. **Barnes' Motion to Strike or Dismiss Complaint**

Barnes first moves to strike the Complaint as duplicative of the claims raised in *Jackson I*. ECF No. 11 at 6-7. As explained above, Judge Hollander dismissed Jackson's claims against Barnes in *Jackson I*; thus, his Complaint may not be stricken here.

Alternatively, Barnes moves to dismiss the Complaint. First, Barnes raises the affirmative defense that plaintiff has failed to exhaust his administrative remedies. *Id.* at 7-8. Indeed, the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be

4

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, in *Adamson v. Correctional Medical Services, Inc.*, 359 Md. 238, 266-71 (Md. 2000), the Supreme Court of Maryland[1] examined the legislative history of the Maryland Administrative Remedy Procedure ("ARP") grievance process and observed that it permitted a prisoner to submit a complaint for grievances against correctional officials or employees to the Inmate Grievance Office ("IGO"), but the IGO declines to hear prisoner grievances against private health care contractors. The *Adamson* Court concluded that the Maryland prisoner administrative remedy process does not encompass complaints against private medical providers under contract with the state. *Id.* As such, this Court has "found that administrative exhaustion may not be raised as an affirmative defense by healthcare providers" at Maryland correctional facilities. *Richards v. Cross*, Civil Action No. WDQ-14-2387, 2014 WL 7048087, at *1 (D. Md. Dec. 10, 2014) (citing *Shannon v. Nero*, 2013 WL 500704 (D. Md. 2013); *Shipe v. Mumby and Simmons*, 2012 WL 5417332 (D. Md. 2012); *Chisum v. Maryland*, 2010 WL 481350 (D. Md. 2010); *Calhoun v. Horning, et al.*, 2009 WL 2913418 (D. Md. 2009)); *see also Hicks v. Stanford*, Civil Action No. ELH-14-928, 2014 WL 5023101, at *1 n.4 (D. Md. Oct. 7, 2014). As such, Barnes may not raise an exhaustion defense in this case.

Nonetheless, Jackson's claims against Barnes must be dismissed because he fails to state a deliberate indifference claim. From the Complaint, it appears that Barnes was aware of Jackson's symptoms but concluded that they were "normal" and that it was not necessary to send Jackson to another provider. Jackson's disagreement regarding the course of treatment, in and of itself, is not enough to support a deliberate indifference claim. Moreover, as Jackson has not demonstrated that he suffered a serious or significant injury, or otherwise opposed Barnes's motion, he fails to state a deliberate indifference claim. Therefore, Barnes's motion, construed as a Motion to Dismiss, shall be granted.[2]

---

[1] At the time *Adamson* was decided, the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

[2] To the extent plaintiff raises state law claims of medical malpractice and negligence, the Court

### 2. Watts's Motion to Dismiss or for Summary Judgment

Jackson alleges that Watts was also deliberately indifferent to his medical needs because Watts "knew of [his condition] and disregarded it." ECF No. 1 at 4. Jackson, however, does not establish that Watts failed to ensure that "needed care" was available, where Barnes, the BCDC medical provider, believed that referral to an outside provider was not necessary. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir.1990) ("[I]t would be an unprecedented extension of the theory of supervisory liability to charge [prison officials], not only with ensuring that [an inmate] received prompt and unfettered medical care, but also with ensuring that their subordinates employed proper medical procedures—procedures learned during several years of medical school, internships, and residencies."). As such, Jackson likewise fails to state a deliberate indifference claim against Watts, and Watts's motion, construed as a Motion to Dismiss, shall be granted.

### IV. CONCLUSION

For the foregoing reasons, Barnes's Motion to Consolidate shall be denied, and the Motions to Dismiss filed by Barnes and Watts shall be granted. A separate Order follows.

_____
LYDIA KAY GRIGGSBY
United States District Judge

---

declines to exercise supplemental jurisdiction and thus will dismiss such claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).